```
          IN THE UNITED STATES DISTRICT COURT
               NORTHERN DISTRICT OF TEXAS
                   FORT WORTH DIVISION


GREGORY LAMONT AUSTIN,         §
                               §
     Movant,                   §
                               §
                               §
VS.                            §  NO. 4:03-CR-256-A
                               §  (No. 4:06-CV-716-A)
UNITED STATES OF AMERICA       §
                               §
     Respondent.               §
```

MEMORANDUM OPINION
and
ORDER

Came on to be considered the motion of Gregory Lamont Austin ("Austin") under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. Having reviewed the motion, the government's respone, the record, and applicable legal authorities, the court concludes that the motion should be denied.

I.

Background

On September 17, 2003, Austin was named in a one-count indictment charging him with a firearm violation. Austin signed a plea agreement on October 30, 2003, whereby he would enter a plea of guilty to Count 1 of the indictment, "Felon in Possession of Firearms" in violation of 18 U.S.C. § 922(g)(1), and the government would (1) not bring any additional charges against Austin based on the conduct related to his guilty plea, (2) dismiss any remaining charges, after sentencing, pending in the indictment, and (3) file a motion for a downward departure from the applicable sentencing guidelines, if, in the government's

sole discretion, it determined that Austin provided substantial assistance in the investigation or prosecution of others. Austin pleaded guilty to Count 1, and the court sentenced him to eighty-seven months' imprisonment and a three-year term of supervised release. The Court of Appeals for the Fifth Circuit affirmed Austin's conviction, but in March of 2005 the United States Supreme Court granted Austin's writ of certiorari and his case was remanded for reconsideration in light of United States v. Booker, 543 U.S. 220 (2005). Austin's sentence was again affirmed by the Fifth Circuit on June 16, 2005, and his petition for writ of certiorari was denied on October 11, 2005. Austin timely submitted his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2255 on October 11, 2006.[1] However, due to a lack of signature, the petition had to be resubmitted and was not filed until October 20, 2006.[2]

II.

Grounds of the Motion

Austin asserts two grounds for relief -- ineffective assistance of counsel and a "structural error claim". Austin

---

[1] § 2255 requires that a petition for writ of habeas corpus be filed within one year of "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255. Here, that date was October 11, 2005.

[2] "The one-year limitations period of [§ 2255] is a statute of limitations that is not jurisdictional and is therefore subject to equitable tolling." U.S. v. Wynn, 292 F.3d 226, 230 (5th Cir. 2002). Such tolling is only permissible in "rare and exceptional" circumstances. Id. (internal quotation marks omitted). Here, Austin's petition was timely submitted and was unfiled due to a technical defect. Austin corrected the defect and the petition was filed 9 days later. The court considers such a delay a "rare an exceptional" circumstance warranting tolling of the limitations period. Therefore, Austin's petition was timely when filed on October 20, 2006.

2

claims that his legal representation fell below a reasonable standard in violation of his right to effective counsel when his attorney failed to argue on appeal that there were structural errors in the indictment. Further, Austin maintains that because his counsel was ineffective and did not bring his "structural error claim" on appeal, he is entitled to have this court review such claim de novo.

### III.

### Standard of Review

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. United States v. Frady, 456 U.S. 152, 164 (1982); United States v. Shaid, 937 F.2d 228, 231-32 (5th Cir. 1991), cert. denied, 502 U.S. 1076 (1992). A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only, and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. Shaid, 937 F.2d at 232. Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. United States v. Capua, 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other

3

words, a writ of habeas corpus will not be allowed to do service for an appeal. Davis v. United States, 417 U.S. 333, 345 (1974).

IV.

Analysis

To prevail on an ineffective assistance of counsel claim, movant must show (1) that his counsel's performance fell below an objective standard of reasonableness and (2) that there is a reasonable probability that, but for his counsel's unprofessional errors, the result of the proceedings would have been different. Strickland v. Washington, 466 U.S. 668, 687 (1984). Both prongs of the Strickland test must be met to demonstrate ineffective assistance. Id. at 697. Judicial scrutiny of this type of claim must be highly deferential and the defendant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. Id. at 689. Here, the record is clearly adequate to fairly dispose of the claim of ineffective assistance. Hence, further inquiry is unnecessary. Baldwin v. Maggio, 704 F.2d 1325, 1329 (5th Cir. 1983), cert. denied, 467 U.S. 1220 (1984).

Austin appears to assert that his appellate counsel was ineffective in failing to argue on appeal that the "Blakely errors" occurring at Austin's sentencing, constituted "structural errors". Austin cites Blakely v. Washington, 542 U.S. 296 (2004), in addition to other cases, in support of such assertion. However, while Austin complains of "Blakely errors," the court notes that where, as here, the complaining defendant was

4

sentenced under federal sentencing guidelines, such claims are properly brought under <u>United States v. Booker</u>, 543 U.S. 220 (2005), not <u>Blakely</u>.  In 2005, the Fifth Circuit explicitly held that a Booker error is not a structural error.  <u>United States v. Martinez-Lugo</u>, 411 F.3d 597, 601 (5th Cir. 2005).  Thus, Austin's "structural error claim" must fail and, accordingly, it was not unreasonable for Austin's counsel not to make such the structural error argument on appeal.  Therefore, Austin cannot meet the first prong of the <u>Strickland</u> test and his ineffective assistance claim must also fail.

## VI.
## ORDER

For the reasons discussed above,

The court ORDERS that Austin's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 be, and is hereby, denied.

SIGNED February 27, 2007.

                                          <u>   /s/ John McBryde            </u>
                                          JOHN McBRYDE
                                          United States District Judge